IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathanael Lenard Reynolds, ) | C/A No.: 1:15-388-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Chief Deputy Dudley Musier; Officer ) | |
| Watson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Nathanael Lenard Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. He sues former Williamsburg County Sheriff's Department ("WCSD") officers Musier and Watson (collectively "Defendants"). This matter is before the court on Defendants' motion for summary judgment. [ECF No. 37]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 38]. The motion having been fully briefed [ECF No. 40, 41], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review by the district judge. For the following reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 37] be granted.

I.      Factual Background

At 11:07 a.m. on November 19, 2013, Watson was dispatched to 20 Samaria Street in Kingstree, South Carolina, in response to reports of a burglary of a residence owned by Minnie Brown. [ECF No. 37-2 at 4]. According to the incident report, the police were alerted by Brown's sister and daughter, Mary Hanna and Kisha Willoughby, respectively. *Id*. When Watson arrived on the scene, Hanna and Willoughby informed him that they were the caretakers for the residence. *Id*. They informed Watson that Plaintiff, their estranged nephew and cousin, was inside of the house with his girlfriend, Shaquetta Mouzon, and a child. *Id*. Hanna told Watson that Plaintiff did not have permission to be in the residence, as Hanna and Willoughby had asked him at least two weeks prior to leave the residence and not to return, other than to move his disabled vehicle. *Id*. at 5. Hanna told Watson that Plaintiff had agreed to leave at that time and had given her the keys to the residence. *Id*. According to the incident report, Musier[1] stated that he had been present when Hanna advised Plaintiff not to return to the residence. *Id*. Willoughby also confirmed that Brown did not want Plaintiff to return to the residence. *Id*.

Watson also interviewed Mouzon, who stated that she had stayed with Plaintiff in the residence previously, and that they would always enter at night through an unlocked door on the second level of the home. *Id*. Mouzon also stated that Plaintiff had told her that morning, that they had to leave because "other family member[s] did not like him . . .

---

[1] The incident report refers to Musier as "Mousier." It is not clear from the record the correct spelling of the defendant's name.

." *Id*. A supplement to the incident report indicates that Watson made telephone contact with Brown on November 20, 2013, who stated that Plaintiff was not supposed to be at the residence since he gave Hanna the keys. *Id*. at 6.

Plaintiff was charged with third degree burglary and transported to the Williamsburg County Detention Center. *Id*. at 5. Watson obtained an arrest warrant for Plaintiff on November 20, 2013. *Id*. at 3. Plaintiff states that on January 2, 2014, the burglary charge was remanded to a charge of criminal trespass. [ECF No. 17-1 at 4]. Plaintiff was released on a personal recognizance bond on January 24, 2014. [ECF No. 40-1 at 13]. His case was subsequently dismissed. [ECF No. 17-1 at 4].[2]

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents,

---

[2] Although Plaintiff states in his amended complaint that the charge was dismissed for lack of probable cause, there is no evidence in the record to support this conclusion of law.

electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B. Analysis

1. Eleventh Amendment Immunity

Defendants argue that, to the extent Plaintiff sues them for monetary damages in their official capacities, they are immune from suit. [ECF No. 37-1 at 3]. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of

the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court has long held that the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan,* 415 U.S. 651, 662–63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.,* 242 F.3d 219, 222 (4th Cir. 2001).

In the state of South Carolina, county sheriffs and their deputies are State employees. *Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n. 1 (S.C. 2010) ("[U]nder South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992). Defendants were all employees of the WCSD at the time of the incident, and are therefore entitled to immunity in their official capacities from Plaintiff's claims for monetary damages. *See, e.g., Barrett v. Brook*, No. 4:00-2967-19BF, 2001 WL 34684725 at *10 (D.S.C. Sept. 28, 2001).

2.  False Arrest/Imprisonment

In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest); *see also Dorn v. Town of Prosperity*, No. 08–2005, 2010 WL 997175 (4th Cir. March 18, 2010). Here, Watson obtained an arrest warrant for Plaintiff on November 20, 2013. [ECF No. 37-2 at 3].

To prevail on a cause of action for false imprisonment, Plaintiff must establish: "(1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful." *Law v. South Carolina Dept. of Corrections*, 629 S.E.2d 642, 651 (S.C. 2006). An action for false imprisonment cannot be maintained where one is arrested by lawful authority. *Jones v. City of Columbia*, 389 S.E.2d 662, 663 (S.C. 1990). Here, Plaintiff cannot show that his arrest was unlawful, as he was arrested based on probable cause, as discussed further below. Therefore, Defendants are entitled to summary judgment for Plaintiff's false arrest/false imprisonment claim.

### 3.     Malicious Prosecution

Plaintiff also appears to state a claim for malicious prosecution. *See Brooks*, 85 F.3d at 182 ("[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution."). "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, the Fourth Circuit has explained that a malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure that incorporates certain elements of the common law tort. *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012). To state such a claim, a plaintiff must allege that the defendants (1) caused (2) seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in his favor. *Id*. (citation omitted).

While Plaintiff has met the first and third elements for malicious prosecution, he

cannot meet the second element. The record before the court shows that Watson interviewed the witnesses, all of whom advised that Plaintiff did not have permission to be in the residence on November 19, 2013. [ECF No. 37-2 at 4–6]. Although Plaintiff states that his aunt gave him permission to be at the residence [ECF No. 41-1 at 1], he does not specify when his aunt gave him such permission or whether such permission was ever revoked. In addition, Brown told Watson on November 20, 2013, that Plaintiff did not have permission to be at the residence. [ECF No. 37-2 at 6]. The local magistrate found that probable cause existed and accordingly issued the warrant. *Id*. at 3. Plaintiff provides no evidence that Defendants maliciously sought to prosecute him by knowingly providing false information to secure the warrant. Instead, he merely provides facts that conflict with the facts provided to Watson by all other witnesses. While the existence of conflicting statements may relate to the sufficiency of evidence to prove the elements of the crime, it does not show that there was not probable cause at the time of arrest. *See, e.g., Daly v. Zobel*, C/A No. 2:06-1733-DCN, 2007 WL 1703505, *7 (D.S.C. June 8, 2007) (finding that plaintiff had not met his burden of showing a lack of probable cause by attacking the sufficiency of the evidence). As such, Plaintiff cannot maintain a § 1983 action for malicious prosecution against Defendants.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 37] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

December 30, 2015                                  Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).